Honorable Justices, Thank you for the opportunity of appearing before you. I would request an opportunity for perhaps four minutes of the ten minutes to respond, if I may, to the government's arguments. In 2003, the government began investigating possible corruption, political corruption involving individuals within and connected with the Orange County Sheriff's Department. According to the brief filed by the government, the investigation included allegations that Mr. Heidel, a wealthy businessman, had illegally financed Corona's initial campaign for Sheriff and had given cash, bribes, and gifts to the defendant and Corona in return for the defendant and Corona providing Heidel access to various Sheriff's Department resources. That investigation continued. That was the theory of the investigation. At some point in time, the government negotiated a plea with Mr. Jaramillo, and in exchange for that plea, he agreed to cooperate with the government. Well, in that plea, wasn't it true that he agreed to be sentenced pursuant to the guideline regarding soliciting or receiving a bribe? Is that not true? Yes, that was the original plea agreement. Mr. Jaramillo objected to any reference in the factual basis to the word bribe or bribery. Well, it is my understanding that your client also stipulated that 2C1.1 was the applicable sentencing guideline. Did he not? Yes. Because Judge Guilford never spoke to Mr. Jaramillo about the basis for the plea. So we're going to go to whether we ought to deal with the basis of the plea or the sentence. I think the court has to go to the basis for the plea before it even gets to the sentence. And as I read your opening brief, you didn't even suggest that there was any problem about the sentence in there, did you? In fact, it seemed you abandoned your appeal of that issue. I don't believe I did. In fact, in my reply brief, I think I go directly to the heart of the issue. We're not talking your reply brief. We're talking about your opening brief and whether it said anything about the sentence itself. It seemed to me you abandoned your appeal of the waiver issue. There was a waiver of what should be appealed. I didn't find any place in the brief where you addressed the waiver issue, and so I thought maybe you'd abandon then. No. And the U.S. attorney brought that out in their reply, and in my reply to their response, I identified the basis for why the waiver was not a valid waiver, because of constitutional issues. Well, with the constitutional issue, we're really not talking about the 2C1.1. We're really talking there about skilling, aren't we? Yes. And basically – I think what we ought to do is try to identify when we're talking about the conviction and when we're talking about the sentence. So would you in your answer at least tell us which you're talking about? I think we started off with the sentence. The court may be correct. The thrust of the appeal is that he did not enter a knowing and intelligent plea to count two. And perhaps that is the conviction rather than the sentence itself. All right. And the reason we say that is because it was a negotiated plea agreement. And if the government had sought to include bribery as the underlying offense under 1346 for the basis for the honest service of fraud, they could readily have inserted that into the factual basis. But the factual basis for 1346 was that the act that violated that very vague statute, according to skilling, was that he failed to disclose contributions or gifts to him on his form 700, which normally is handled administratively by the Fair Political Practices Commission. But if it is prosecuted, it's a misdemeanor. Well, you would agree with me, I guess, that I'm not going to suggest that the plea itself include included the scheme. But if I look at the information, the information suggests the general charge. And if I look at Kincaid-Chauncey, Kincaid-Chauncey says one doesn't have to say quid pro quo as long as it's understood the defendant was expected as a result of the payments to exercise particular kinds of influence. Then if I look at the information itself, the information suggests that there was a person who paid him money. Yes, that's correct. And so there's a factual basis there that Jarmillo was getting paid money. And then if I look at the record of conviction, it references bribery and it references section 2.C1C. And that is exactly the conviction that you now would fight. That's correct. So how can I suggest then that on this record you are not convicted of 2.C1.1, which is the appropriate conviction? Well, the conviction is based on section 1341 and 1346, 18 U.S.C. It's not based upon that particular sentencing guideline. And so when this Court looks at the factual basis for the honest services fraud that was perpetrated, in Mr. Jarmillo's mind, the plain language of the negotiated plea omitted any reference to bribery or kickback scheme. It omitted it. That was negotiated. Well, you just said that the guideline is what controls – excuse me, you said the guideline didn't control, but the plea agreement said, pursuant to the guideline regarding soliciting or receiving guests. That was my original question. How do you answer that? Because once Mr. Jarmillo agreed to the factual basis for the plea, the sentencing guideline set it at a level 10. The government was going to recommend, based upon the negotiated plea, basically a sentence of six months home confinement and probation. And when Mr. Jarmillo, at the actual sentencing, was confronted for the first time with the fact that the government was talking about bribery and not a failure to disclose on a form 700 gifts he had received – and by the way, these gifts could have been Christmas gifts, they could have been vacation with other family – there's no indication as to what those gifts were for, or if they were given for purposes of any type of fraudulent or quid pro quo. He can't even infer that, because they're blank. And that's why the underlying basis of 1346, the honest services fraud, was failing to file form 700 in the various years that were alleged. That doesn't mean he was involved in bribery. Now, I agree – Counsel, you've got about a half a minute left to your rebuttal. We'll give you about two minutes of rebuttal. Thank you. In closing, it seems to me – No, no, no. In closing, you can close your rebuttal. Thank you. Thank you. May it please the Court, Brett Segal on behalf of the United States. I would point out, as Your Honors pointed out, that the defendant waived his right to appeal the sentencing in his opening plea. Well, let's start with the conviction. I'll start with the conviction, Your Honor. For the first time in this entire case, they raised their conviction in their plea in the reply brief. They didn't raise it in the opening brief, and by rules of this Court, it's waived. But even beyond that – Well, what was the date of their opening brief? The date of their opening brief, I believe, as Your Honors will see in their opening brief, they cite the certiorari on Weyrich and Skilling, but do not raise the issue. They cite the certiorari, but they don't cite the decision. That is correct, Your Honor. Well, the reason they don't, it isn't out yet, is it? That is correct, but their opening brief, Your Honor, was on May 10th – May of 2010. Which is before Skilling. Yes, Your Honor. Okay. So hard to cite. Undecided, but clearly if they wanted to keep the vagueness of what he pled to open – Well, it's not vagueness. It's Skilling set forth a rule about what must be in the indictment if you have – that it must be in the indictment that you allege bribery or whatever else. Kickback scheme. Bribery or kickback. And there is no bribery or kickback in the indictment, is there? There is not in the information. There is not, Your Honor. Well, doesn't that give you a bit of a problem? I don't believe so, because I think in this case as a whole, this case is and always has been about bribery. Well, then you could have alleged that in the indictment. In the information. It could have, and at the time of the information in 2000. A case is about something, but a conviction is about something, and an information is about something. That is correct, Your Honor. And doesn't Skilling say that the information or indictment has to allege bribery or a kickback? I don't know that I agree that it actually says that. I think for a defendant to know of what he's being charged with for a vagueness claim – No, this isn't a question of that, really. This is a question – and, you know, Skilling changed the rules, and what you alleged before would have been sufficient had Skilling not cut back on the statute. But Skilling changed the rules to say it had to be something specific that isn't in the information. Isn't that right? I think that's correct, but I think you would have to look at it as of now under a different standard. I think what would apply right now would be the plein air standard. Since he's never raised involuntariness of it – well, actually never raised it properly, but raises it for the first time on his reply brief, we would be at a plein air standard, and there's nothing in the – I don't think that's plein air. This is a straight legal question, whether this information charges what Skilling requires. And something that the government has never been given the opportunity – Well, if you want to write a letter, you could write a letter. I mean, if you feel that – I mean, I would have done it before, I would think, if your reply brief was after Skilling, wasn't it? No. I mean, your red brief. It was after Skilling, and we cited both the fact that they've still never raised the involuntariness of their plea, or that they ever want it out on a service fraud conviction, and the record actually shows the opposite. They've never wanted it out. No, I'm just trying to find out whether you feel that you haven't been given an opportunity to discuss Skilling's application. We were given the opportunity to discuss that, not the position that, for the first time, the defendant's raising – I think you might have read Skilling and understood what the problem is. If you felt you didn't recognize it and you want to – and you have an opportunity here to discuss it. If you feel you need a better opportunity to do it in writing, then we can consider that and let you know. Thank you, Your Honor. I guess my worry is that I was trying to phrase, if I could, the best argument you would have, which is, yeah, the information didn't say it, but Kincaid Chauncey doesn't necessarily say that it's got to say quid pro quo. And then there is a plea, and the plea does talk about paying the defendant money, but that's it. So the best we can go to, isn't it, is the record of conviction? I think that's correct. I think what you would look at is the record as a whole, and the record as a whole, which even defendants cited in their sentencing brief and at the sentencing hearing, included the parallel cases and the arguments at those hearings. And using Kincaid Chauncey and the – I think the court referred – this court referred to it as the retainer theory of bribery. That's exactly what this case was about. And the record as a whole, including defendant stipulation in the plea agreement, as Your Honor mentioned, to soliciting and receiving bribes, as well as all the facts, facts that were brought up at the sentencing hearing that were all admitted by the defendant himself during proper meetings with the government. Payments he received from two businessmen, Ed Gretch, Don Heidel, taking action as the assistant sheriff to benefit these men at future times, several times for each man. Under that retainer theory, he receives $1,000 a month in cash, what the government always said were bribes, from Don Heidel, and then on three separate occasions takes official actions as the assistant sheriff to benefit that man. Exactly under the bribery theory that would fit with the record as a whole, the facts of this case. What I would also point out is that this is the defendant, when they say that the plea agreement was not knowing and voluntary and why 2C1.1 is there, he was asked that same question at the sentencing hearing. And his response, as it also is in his opening brief and his reply brief, is they never thought the government could prove bribery. It wasn't that it wasn't what the government's position was from day one. They just didn't think we could prove it. The district court found contrary. The district court, just like the government, believed this case was exactly about bribery. Under Kincaid Chauncey, under Kemp. What bothers me is if you say all that, why didn't you say so in the information? Why didn't you say this is a bribery case? Not at all about financial disclosure laws in California. All of the things you talked about, they were defrauding them of their right to honest services. All of those elements that were true before skilling, but not a word about bribery. Two reasons, Your Honor. One, as Your Honor obviously pointed out, that was the law of the Ninth Circuit under Weirach at that time. That was sufficient at the time. The second answer is I would use it as the analogy to an Alford plea. He admits he committed a crime, but maybe doesn't want to admit all of the facts of his crime and leave the burden to the government. I'm not talking about the plea. I'm talking about the information. Not a word about bribery. You wouldn't know this is a bribery case. I don't know that I agree with that, with the word soliciting gifts and payments. A lot of public officials who are not the finest characters solicit gifts and payments. We don't charge them with bribery. We don't convict them of bribery. They violate ethics rules. The soliciting of payments and gifts follows the mens rea. The soliciting of gifts by a public official isn't by itself wrong. When you do it under a scheme and artifice to defraud, then there's something more to it than just soliciting a gift, soliciting payments from people. And that's what Mr. Jaramillo agreed to do from the beginning. I'm sorry. Go ahead. Your position is that this information on its face, count two, charges bribery? We believe at this point in the proceedings, based on how it's before us as a record, as a whole. No, I asked you about the information. Do you say that the information charges bribery? It charges honest services fraud. I'll take that as a no. When I asked you, does it charge bribery, and you tell me it charges honest services fraud, I assume that means you're saying it doesn't charge bribery. I guess. There's an easy answer to that. I said, does it charge bribery? Either yes, it does, or no, it doesn't. It charges a valid theory of honest services mail fraud. Okay, I take that as a no, then. I mean, the honest truth is you've got to answer him straight, because you've got two prongs to where we are with honest services. You've got to give him a yes or a no. I mean, I can look at Kincaid Chauncey, and I can see in there that an information for bribery, honest services fraud, need not state the magic words of quid pro quo. However, it says, as long as understood, the defendant was expected as a result of the payments to exercise particular kinds of influence. And that's what my colleague is putting you on the spot to suggest. I frankly, I read that information. I can't come away from it much differently than he is by his question. However, that I see what Chauncey said, and I can only get through to that through the record of conviction. That's why I hoped you would answer his question. It can't be just simply honest fraud. I understand, Your Honor, and I guess where the government looks at this is where we stand right now. And the only way to get out of this predicament, well, there are two options in the government's mind, is where we stand right now, whether or not he would have pled guilty. We're under a plain air standard, and all of the circumstances. I don't see where plain air comes when, in this particular matter, one doesn't have the case in front of us which suggests the problem that we're dealing with. There is no way that that defendant could have alleged that in his first brief. He wouldn't have known. So we're talking about him coming back with something on reply, which he did. So I don't know that we're on plain air standard. I'm trying to determine whether we can take the case or not, and I think there's one of the justifications for it. So again, the question is still the same. Well, to rephrase the question for my answer, I guess the question is that would either send it back to the district court to see, would he want to plead guilty to this? Or at this point, look at the record as a whole and say, would he have pled guilty? And this is a defendant who wanted cooperation, who wanted the government recommending his sentence, knew what all the facts and the evidence were against him, and wanted the government's recommendation not only for his cooperation, but a plea deal to put him in this situation. Never once when bribery came up in the government's sentencing position prior to sentencing, at sentencing, never did he want out of his plea. On his opening brief, never wanted out of his plea. He always wanted the benefit of the deal he had with the government, and skilling doesn't change that. We are at a position where he would have done the same thing. They never thought the government could prove bribery. The government did. This is now raising an issue on the reply brief that never was raised before. Thank you, counsel. You have three minutes over. Thank you, Your Honor. Thank you. We'll give you two minutes. Thank you, Your Honor. The government never proved bribery as it relates to Mr. Harmeal. And they cite the Corona trial, a trial where they very well know Mr. Harmeal was not present, could not confront and cross-examine Heidel, couldn't even testify. So the government did not prove that Mr. Harmeal is involved in bribery. Yes, Mr. Harmeal wanted the deal, but he wanted the deal as it was laid out in the factual basis for the plea agreement and in the factual basis for the information. And when he entered his plea, the judge asked him, instead of asking him about bribery, he said, have you read pages five through eight of the plea agreement, which talks about form 700 and failing to follow those forms? Well, if in fact you win on this point, are you prepared to live with paragraph 22 of the plea agreement? I would beg the court's indulgence. I just need to find that. Well, paragraph 22 says the result of a reversal set aside and suggests what would be, and I guess I'm trying to figure out why you wouldn't just as soon have this go forward based on what's in 22. The court's right in the sense that Mr. Harmeal has been sentenced to prison for 27 months, and he's already more than halfway through that. I guess that the bottom line, when we set everything aside, perhaps the most fundamental right provided and accused under the Constitution is notice of what he's charged with. And why the government did not include bribery in the plain language of the plea agreement that they drafted and in the information which they drafted, it seems to me if that was their theory with Mr. Harmeal, they should have said it because he relied upon that language. And with that. Let me ask you one practical question along the lines of Judge Smith. You're not challenging the tax cut. No. What was the sentence on that? I believe Judge Guilford made it run concurrent. Yes. And what was the length of it? 27 months. This won't have any practical effect on the sentence. Well, it should because I think in all fairness, if Judge Guilford had sentenced Mr. Harmeal on that count alone, he would never have given him 27 months. If you look at paragraph 22, you're really making a tough argument because it's the U.S. attorney who's going to decide what he agrees to do. And that's why I said after everything is said and done, I'm a little worried that you even want to push this. Well, there may be some kind of collateral consequence. I don't know about for somebody. One of the major issues is the issue of execution. Thank you. This was just a curiosity on our part, but thank you. Thank you all. The case just argued will be submitted. The next case for oral argument is Drive V's Homes v. Department of Homeland Security. Thank you.
judges: Nelson D. W., Reinhardt, Smith N. R.